UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO.

VERSUS                                       06-55-SDD-EWD

BENJAMIN HARRIS

### RULING AND ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

Before the Court is a Motion for Appointment of Counsel, filed by petitioner, Benjamin Harris ("the Motion").[1] On December 26, 2017, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion to Vacate").[2] Petitioner was granted leave to amend the Motion to Vacate on April 11, 2018.[3] The Motion to Vacate is pending. In this Motion, Petitioner seeks to have the Court "appoint counsel to his constitutional challenge 2255 motion." For the reasons that follow, the Motion is denied.

### Background

Harris was indicted on March 16, 2006 in counts 1 and 2 with conspiracy to knowingly and intentionally distribute fifty (50) grams or more of a substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1); in count 3 with knowingly and intentionally possessing with intent to distribute 3, 4-Methylenedioxymethamphetamine (MDMA), also known as "ecstasy," a substance containing a detectable amount of cocaine, and fifty grams or more of a substance containing a detectable quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1); in count 4 with carrying a firearm during and in relation to the charged drug trafficking crimes in violation of 18 U.S.C. § 924(c); and in count 6 with felon in possession of a firearm in violation

---

[1] R. Doc. 170.
[2] R. Doc. 156.
[3] R. Doc. 168.

of 18 U.S.C. § 922(g)(1).[4]  Harris entered into a plea agreement on August 1, 2006, pleading guilty to counts 1, 2, 3, 4 & 6 of the Indictment.  Judgment was originally issued against Harris on February 28, 2007 and he was sentenced to a term of 226 months imprisonment.[5]  A Notice of Motion was filed on February 27, 2008 to determine Harris's eligibility for a sentence reduction under U.S. Sentencing Guidelines §1B1.10.[6]  That motion was denied on July 12, 2010.[7]

Harris filed a Notice of Appeal on July 19, 2010.[8] The United States Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous on March 10, 2011.[9]

On November 30, 2011, Harris filed a Motion to Correct, Modify, and/or Vacate Sentence, seeking correction of his sentence in light of the Fair Sentencing Act of 2010.[10]  That motion was denied on June 22, 2012.[11]

On May 1, 2013, Harris filed a Motion to Modify Sentence Pursuant to Retroactive Amendment 750,[12] which motion was denied on May 6, 2013.[13]  On September 3, 2013, Harris filed a Motion for Modification of Sentence and/or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2),[14] which motion was denied the same date with the explanation that the amendment to the sentencing guidelines did not impact Harris's sentence because his "career offender" status increased the guidelines range regardless of the guidelines amendment.[15]

---

[4] R. Doc. 13.
[5] R. Doc. 73-1.
[6] R. Doc. 84.
[7] R. Doc. 91.
[8] R. Doc. 92.
[9] R. Doc. 102.
[10] R. Doc. 103.
[11] R. Doc. 110.
[12] R. Doc. 113.
[13] R. Doc. 114.
[14] R. Doc. 115.
[15] R. Doc. 116.

On September 29, 2014, Harris filed another Motion for Modification of Sentence and/or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2),[16] which motion was again denied on December 1, 2015.[17] Harris sought reconsideration of the Court's December 1, 2015 ruling,[18] which motion was denied on March 17, 2016.[19] In denying reconsideration, the Court again explained that Harris's status as a "career offender" was what ultimately determined his guideline range, therefore, a reduction under 18 U.S.C. § 3583(c)(2) was not appropriate.

Harris filed a Notice of Appeal on May 25, 2016, appealing the December 1, 2015 Order denying the Motion for Modification of Sentence and/or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).[20] While the appeal was pending, an Amended Judgment was entered on August 9, 2016. Due to the executive grant of clemency by then President Barack Obama, Harris's sentence was commuted to a total sentence of imprisonment of 180 months with a supervised release term of 5 years and an assessment of $500.00.[21]

On September 1, 2016, Harris filed another Motion for Sentence Reduction, this time based on "newly discovered evidence," however, the argument presented was still related to the request that the Court vary from the sentencing guidelines for career offenders.[22] The Court denied this motion because Harris had already been granted clemency and an amended judgment issued reducing his total term of imprisonment.[23] Harris also appealed this Order,[24] which appeal was dismissed as frivolous.[25]

---

[16] R. Doc. 119.
[17] R. Doc. 128
[18] R. Doc. 132.
[19] R. Doc. 135.
[20] R. Doc. 136.
[21] R. Doc. 143.
[22] R. Doc. 144.
[23] R. Doc. 145.
[24] R. Doc. 146.
[25] R. Doc. 154.

3

Harris then filed the pending Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.[26] The ground for relief is that special agent Chad Allen Scott, the arresting officer, fabricated evidence. On April 11, 2018, Harris was given leave to amend his Motion to Vacate.[27]

In the instant Motion, Harris requests that this Court "appoint counsel to his constitutional challenge 2255 Motion."[28]

## **Law and Analysis**

Although arising from criminal proceedings, a habeas corpus proceeding is civil in nature.[29] As such, there is no constitutional right to appointment of counsel in a federal habeas corpus proceeding.[30] Appointment of counsel in such proceedings is proper, however, when the interests of justice so require.[31] In order to determine whether the interests of justice require appointment of counsel in a particular habeas corpus proceeding, the court uses a fundamental fairness and due process test.[32] In most cases, appointment of counsel is not required unless it is determined that an evidentiary hearing is necessary.[33] If the matter can be resolved on the basis of the record and the pleadings submitted by the parties, the interests of justice do not require appointment of counsel.

---

[26] R. Doc. 156.
[27] R. Doc. 168.
[28] R. Doc. 170.
[29] *United States v. Johnston*, 258 F.3d 361, 364 (5th Cir. 2001)("Habeas petitions have customarily been viewed as civil in nature.")(citations omitted).
[30] *McClesky v. Zant*, 111 S. Ct. 1454, 1471 (1991).
[31] *See* 18 U.S.C. § 3006A(2)(B).
[32] *Norris v. Wainwright*, 588 F.2d 130, 133-4 (5th Cir. 1979); *see also, Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985) ("This court appoints counsel to represent a person seeking habeas corpus relief when 'the interests of justice so require ....'")
[33] *See, United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993) (recognizing statutory right to appointed counsel in a § 2255 proceeding if an evidentiary hearing is required).

At this point, the Court has not determined that an evidentiary hearing is necessary. Further, the request for appointment of counsel related to Harris's Motion to Vacate. Harris has already filed the Motion to Vacate and has been permitted leave to amend the Motion to Vacate, setting forth the grounds. Accordingly, the interests of justice do not require appointment of counsel at this time. Should the Court ultimately determine that an evidentiary hearing is necessary, the Court will re-evaluate whether the interests of justice require appointment of counsel.[34]

**Conclusion**

As the Court has not determined that an evidentiary hearing is necessary in this matter, the interests of justice do not require appointment of counsel. Additionally, the request for appointment of counsel is related to preparation of a motion pursuant to 28 U.S.C. § 2255, the grounds for which have already been stated by Harris.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Appointment of Counsel[35] is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 21, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[34] The Court also notes that a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act was filed by Dustin Talbot, Assistant Federal Public Defender, on behalf of Harris on April 25, 2019 (the "Motion for Reduction"). R. Doc. 176. The Motion for Reduction seeks to have Harris's total sentence reduced to 178 months and his term of supervised release reduced from five years to four years.
[35] R. Doc. 170.