# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | 06-55-SDD-EWD |
| BENJAMIN HARRIS | |

## RULING

This matter is before the Court on the Defendant's *Motion to Vacate Under 28 U.S.C. 2255*.[1] The Government has filed an *Opposition*[2] to this motion, to which the Defendant has filed responses and added exhibits to his motion.[3] The Court has considered all materials related to this motion and, for the reasons which follow, the motion shall be denied as untimely.

## I. BACKGROUND FACTS

The following facts were stipulated to by the Defendant in his plea agreement and were also contained in his Pre-sentence Investigation Report ("PSR") without objection.

On March 7, 2006, a Confidential Source ("CS") working for the Drug Enforcement Agency ("DEA") began placing consensually recorded telephone calls to the Defendant.[4] During these calls, the Defendant negotiated to sell the CS approximately nine ounces of cocaine base for $5,000 in United States currency.[5] The following day, the CS placed

---

[1] Rec. Doc. No. 156.
[2] Rec. Doc. Nos. 163 & 164.
[3] Rec. Doc. Nos. 165, 169, 173, & 185.
[4] Rec. Doc. No. 34.
[5] *Id.*

58729

additional recorded calls to the Defendant to confirm arrangements to complete the transaction.[6] During these calls, arrangements were made to meet the Defendant at a residence located on Billops Street in Baton Rouge, Louisiana.[7]

The CS arrived at the location later that afternoon and contacted the Defendant, and the Defendant told the CS that he was down the street and would arrive at the location shortly.[8] DEA Task Force Agent Karl Newman observed the Defendant arrive at the Billops Street location, exit a vehicle, and enter the residence carrying a white plastic bag.[9] The Defendant was subsequently observed leaving the residence and walking toward the CS's vehicle, which he entered.[10] During this meeting with the CS, the Defendant handed the CS a brown paper bag containing approximately 295 grams of cocaine base.[11] Next, the CS provided a pre-arranged signal, and agents moved in to make the arrest.[12]

Following the Defendant's arrest, law enforcement recovered from the Defendant's back pants pocket a Ruger, model P-95 DC, .9mm semi-automatic pistol, and from Defendant's front pants pocket, two individual bags, which contained approximately 113 grams of cocaine base, approximately 29 grams of cocaine, and approximately 58 tablets of MDMA.[13] A subsequent search of Defendant's home revealed one digital scale, three

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*

58729

boxes of sandwich bags, one box of baking soda, 468.9 grams of marijuana, 34.6 grams of cocaine, 309 tablets of MDMA, and seven tablets of Valium.[14]

## II.  PROCEDURAL BACKGROUND

On March 16, 2006, Defendant was charged in a six-count Indictment with conspiracy to distribute fifty or more grams of cocaine base, distribution of fifty or more grams of cocaine base, possession with the intent to distribute MDMA, cocaine, and fifty or more grams of cocaine base, possession of a firearm during and in relation to a drug trafficking crime, and possession of a firearm by a convicted felon.[15]  On August 1, 2006, the Defendant pled guilty to Counts 1, 2, 3, 4, and 6 of the Indictment, pursuant to a plea agreement.[16]

On November 16, 2016, the United States Probation Office ("USPO") filed the Defendant's PSR wherein the USPO calculated the Defendant's sentencing guideline range using the controlled substances recovered from his person and residence.[17] No objections to the PSR were filed by the Government or the Defendant.  On February 23, 2007, the Defendant was sentenced to a term of imprisonment of 226 months, a term of supervised release of 5 years, and a special assessment of $500.[18]

Since his imprisonment, the Defendant has filed numerous post-conviction motions and appeals requesting a reduction in his sentence pursuant to the retroactive application of the sentencing guidelines in reference to cocaine base.[19]  Every time, either

---

[14] Rec. Doc. No. 54.
[15] Rec. Doc. No. 6.
[16] Rec. Doc. Nos. 33 & 34.
[17] Rec. Doc. No. 54.
[18] Rec. Doc. Nos. 55 & 73.  It should be noted that the Defendant received an Executive Grant of Clemency by President Barack Obama. His term of imprisonment was commuted to a term of 180 months. All other conditions and components of his sentence were left intact.
[19] Rec. Doc. Nos. 84, 92, 103, 113, 115, 119, 132, 136, 144, & 146.
58729

this Court or the United States Court of Appeals for the Fifth Circuit has denied the Defendant's motion or appeal.[20]

Now pending before the Court is Defendant's Section 2255 motion wherein he alleges <u>for the first time</u> that the controlled substances recovered from his residence were incorrectly attributed to him for purposes of determining his applicable guideline range. The Government opposes this motion.

### III. LAW AND ANALYSIS

#### A. Filing Deadline

Section 2255 provides that a defendant may move his sentencing Court to vacate, set aside, or correct his sentence.[21] However, the motion is subject to a one-year period of limitation that runs from the latest of: (1) the date on which the judgment of conviction becomes final, (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action, (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[22]

It is undisputed that this motion was filed on October 26, 2017, <u>ten years</u> after the judgement of conviction became final. Further, Defendant does not allege that some Government action, at any time, prevented him from filing this motion, and he does not

---

[20] Rec. Doc. Nos. 91, 92, 102, 110, 114, 116, 128, 135, 145, & 154.
[21] *See* 28 U.S.C. § 2255(a).
[22] *See* 28 U.S.C. § 2255(f).
58729

allege that the Supreme Court has recognized or made retroactive any right that is asserted by the Defendant's petition. Thus, the motion can only be considered timely pursuant to Section 2255(f)(4).

Defendant claims the triggering event is the September 2017 indictment of former DEA Special Agent Chad Scott ("Scott") in the United States District Court for the Eastern District of Louisiana. Without any evidence connecting Scott's indictment to this case, Defendant claims that the "nefarious" Special Agent Scott "fabricated" evidence that led to his conviction and was used to calculate his guideline sentence.[23] However, the Eastern District court's decision in *United States v. Scott* makes clear that Scott's charged misconduct is wholly unrelated to this Defendant's case, and the facts relating to Scott's indictment took place over a decade after Defendant's indictment, conviction, and sentence.[24] Further, the Defendant appears to challenge only the drugs recovered from his home, not the drugs recovered from his person. Notably, the drugs recovered from his home were not used for purposes of forming a factual basis for his guilty plea but were only used for the guideline sentence calculation.

Here, Defendant incorrectly focuses on who recovered the controlled substances rather than the existence and attribution of the controlled substances to the Defendant. As the Defendant noted in his motion, he was aware of the controlled substances

---

[23] Rec. Doc. No. 156, p. 4.
[24] 2018 WL 3642006 (E.D. La. Aug. 1, 2018)(" Defendants Chad Scott, a former DEA special agent, and Rodney Gemar, a former DEA Task Force Officer and member of the Hammond Police Department, were charged by Superseding Indictment in May 2018 with multiple counts including falsification of government records, obstruction of justice, perjury, conspiracy, conversion of property of another by an officer of the United States, and removal of property to prevent seizure. Some of the claims against Defendants stem from the prosecution of Jorge Perralta. Scott is accused of directing Frederick Brown and others to falsely testify against Perralta. The indictment alleges that Scott induced Brown to testify that Perralta was present during certain drug transactions, when in fact Brown had never seen Perralta.").
58729

recovered from his residence, and at the time the controlled substances were recovered, the Defendant states that he informed the prosecutor and the DEA of exactly what contraband did, and did not, belong to him.[25] Further, in paragraphs 11 through 16 of the PSR, the USPO clearly outlined that both the controlled substances recovered from the Defendant's person and those recovered from his residence were used in the drug equivalency calculation that determined his guideline sentencing range. Prior to sentencing, the Defendant was notified of the fact statements and guideline sentence calculations contained in the PSR at the time it was filed, but he did not object to their inclusion or consideration in determining his sentence.[26]

The Court finds that, if the Defendant sought to contest the attribution of certain controlled substances to him for the purpose of his sentencing pursuant to Section 2255, regardless of how or why they were being attributed to him, Defendant had the opportunity to and should have pursued this claim a year from the date the PSR was filed into the record, that is, within one year from November 16, 2006. Because the Defendant failed to do so, his claim is time-barred.

### B. Equitable Tolling

In "rare and exceptional" circumstances, the Fifth Circuit has applied the doctrine equitable tolling to Section 2255's statute of limitations and permitted a prisoner to file an untimely motion.[27] To establish entitlement to this relief, the Defendant must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood

---

[25] *Id.* at p. 5.
[26] Notably, Defendant's sentence represents a downward departure by nearly 100 months from the "low end" of his calculated guideline range and nearly 40 months from the recommended "cap" contained in the plea agreement.
[27] *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

in his way of timely filing his Section 2255 motion.[28] In this matter, Defendant has not alleged any of these circumstances are present in this matter; thus, equitable tolling does not apply to Defendant's motion.

## IV. CONCLUSION

For the reasons set forth above, the Defendant's *Motion to Vacate Under 28 U.S.C. 2255*[29] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>January 16, 2020</u>.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[28] *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012); *United States v. Perkins*, 481 Fed.Appx. 114, 117 (5th Cir. 2012).
[29] Rec. Doc. No. 156.
58729