# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 06-55-SDD-EWD |
| BENJAMIN HARRIS | |

### RULING

This matter is before the Court on Defendant Benjamin Harris's *Motion to Terminate Supervised Release*.[1] The Government has filed a *Response*[2] to this motion. For the reasons that follow, Harris's motion shall be DENIED without prejudice.

## I.  BACKGROUND FACTS

On August 1, 2006, Harris pled guilty to five counts of a six count *Indictment*.[3] Those five counts were as follows: Count One, Conspiracy to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; Count Two, Distribution of 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count Three, Possession with Intent to Distribute MDMA, Cocaine, and 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1); Count Four, Possession of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A); and Count Six, Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).[4]

---

[1] Rec. Doc. No. 192.
[2] Rec. Doc. No. 194.
[3] Rec. Doc. No. 13.
[4] Rec. Doc. No. 34.
62983

Judge John Parker sentenced Harris to 226 months imprisonment, to be followed by five years of supervised release as to Counts One, Two, Three, and Six, and a term of three years of supervised release as to Count Four, with all terms of supervised release to be served concurrently.[5] Harris's term of imprisonment was reduced to 180 months via an Executive Grant of Clemency by President Barack Obama on August 9, 2016.[6] Harris was released and his term of supervised release began on June 14, 2019. On May 22, 2020, Harris filed his first *Motion for Early Termination of Supervised Release*.[7] This Court denied that *Motion*[8] on that basis that, under 18 U.S.C. §3583(e)(1), termination of supervised release is only permissible "after the expiration of one year of supervised release." At the time of Harris's *Motion*, he had served less than one year of his five-year term of supervised release.

Harris now brings the instant *Motion*, arguing that he has "shown exemplary post-conviction adjustment" and has "fully complied with the court's expressed terms of supervision."[9] Further, he explains, he has maintained full employment and started a "barbering and hair product company"[10] whose products are sold in twenty-seven Walmart stores. Harris also avers that he works as a Peer Support Specialist for the State of Louisiana, which entails "helping people who are facing adversity, mental health challenges, drug addiction, speaking doing group sessions inside Parish Prison, etc."[11] He asks the Court to terminate his supervised release because it would allow him to travel

---

[5] Rec. Doc. No. 73-1.
[6] Rec. Doc. No. 143.
[7] Rec. Doc. No. 188.
[8] Rec. Doc. No. 191.
[9] Rec. Doc. No. 192, p. 2.
[10] *Id.*
[11] *Id.* at p. 3.
62983

at short notice, which would help him expand his brand and "to create jobs for others."[12] Harris attaches several exhibits related to his employment and training. The Government opposes Harris's *Motion*. In its view, "the request is premature" because Harris "has only completed 15 months of the five year term imposed," and Harris "is still in need of the valuable services provided by the United States Probation Office."[13]

Under 18 U.S.C. § 3583(e), this Court has the authority to terminate a term of supervised release at any time after the expiration of one year of supervised release after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Since Harris's term of supervised release began on June 14, 2019, more than a year of his term has elapsed. Thus, the Court turns to the relevant factors.

The first factor is set forth at 18 U.S.C. § 3553(a)(1) and calls upon the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The second factor, set forth at § 3553 (a)(2)(B), requires the Court to consider "the need for the sentence imposed to afford adequate deterrence to criminal conduct." The third factor, § 3553(a)(2)(D), involves the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Factors four, five, six, and seven, set forth at § 3553(a)(4), (a)(5), (a)6), and (a)(7), concern the kinds of sentence and the sentencing range established by the guidelines for the offense in question, any pertinent policy statements by the Sentencing Commission, the need to avoid unwarranted sentence

---

[12] Rec. Doc. No. 192, p. 3.
[13] Rec. Doc. No. 194, p. 2.
62983

disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense.

Having considered the totality of the relevant factors, the Court finds that termination of Harris's supervised release is not appropriate at this time. The serious nature of the underlying offense must be considered, as well as the fact that the guideline range calculated at the time of Harris's sentencing for a term of supervised release on Counts One, Two, and Three was at least three years but not more than five years, with a statutory minimum on those Counts of five years supervised release. Harris has completed only one year of supervised release at this time. Moreover, the Court finds that, although Harris asserts that he is performing well on supervised release and has made professional strides, he can nevertheless benefit from continued services provided by the Probation Office. Therefore, the *Motion* shall be denied without prejudice.

## II.   CONCLUSION

For the reasons set forth above, the Defendant's *Motion to Terminate Supervised Release*[14] is DENIED without prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on October 20, 2020.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[14] Rec. Doc. No. 192.

62983