UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       06-55-SDD-EWD

BENJAMIN HARRIS

### RULING

This matter is before the Court on Defendant Benjamin Harris's ("Defendant") fourth *Motion to Terminate Supervised Release*.[1] The Government has filed a *Response in Opposition*[2] to this motion, to which Defendant filed a *Motion for Early Termination of Supervised Release*,[3] which is essentially a *Reply* to the Government's *Opposition*. On three difference occasions, this Court has denied the relief requested in the present motion. On June 16, 2020, the Court denied the relief because, having not completed one year of his five-year term of supervised release, Defendant was not eligible for the requested relief.[4] Again, on October 20, 2020, the Court denied the requested relief, after considering the 18 U.S.C. § 3553(a) factors, as follows:

> Having considered the totality of the relevant factors, the Court finds that termination of Harris's supervised release is not appropriate at this time. The serious nature of the underlying offense must be considered, as well as the fact that the guideline range calculated at the time of Harris's sentencing for a term of supervised release on Counts One, Two, and Three was at least three years but not more than five years, with a statutory minimum on those Counts of five years supervised release. Harris has completed only one year of supervised release at this time. Moreover, the Court finds that, although Harris asserts that he is performing well on

---

[1] Rec. Doc. 201.
[2] Rec. Doc. 203.
[3] Rec. Doc. 204.
[4] Rec. Doc. No. 191.

supervised release and has made professional strides, he can nevertheless benefit from continued services provided by the Probation Office.[5]

The Court denied Defendant's third motion on September 30, 2021, finding that it was essentially identical to the second motion and finding that "nothing ha[d] materially changed since the prior motion except the passage of time."[6]

Defendant's present motion relies primarily on his compliance with all conditions of supervised release, his steady employment, and generally exemplary conduct.[7] The Government opposes Defendant's motion, stating that he has completed less than three years of the five years ordered to be on supervised release.[8] The Government also notes that, although Defendant was sentenced to 226 months imprisonment, a grant of clemency reduced his sentence by 46 months.[9] The Government opposes early gootermination at this time but also averred that it would not oppose termination if the United States Probation Office ("USPO") and the Court concluded that termination was proper.[10]

In considering this motion, the Court sought a recommendation from the USPO. Defendant's Probation Officer submitted a memo to the Court expressing the USPO's objection to Defendant's early termination. Specifically, the Probation Officer advised the Court of instances of non-compliant behavior in 2022: failing to call the drug testing phone; failure to notify the Probation Officer of law enforcement contact; and a domestic

---

[5] Rec. Doc. No. 195, p. 4.
[6] Rec. Doc. 200, p. 2.
[7] Rec. Doc. 201, p. 2.
[8] Rec. Doc. 203, p. 2.
[9] *Id.*
[10] *Id.*

incident that resulted in issuance of a protective order against Defendant at the request of his estranged wife.

The Court has considered all briefs submitted by the Parties along with the recommendation of the USPO and concludes that early termination of Defendant's supervised release is not warranted at this time. Therefore, Defendant's *Motions to Terminate Supervised Release*[11] are hereby DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  8th  day of December, 2022.

*[signature: Shelly D. Dick]*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[11] Rec. Doc. 201 & 204.